IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; AND STATE OF IOWA; | |
| | CASE NO._____ |
| *Ex rel.* | |
| NICK HILL, | |
| Plaintiff, | **PLAINTIFF'S COMPLAINT PURSUANT TO** |
| Vs. | **31 U.S.C. §§ 3729-3732,** |
| | **FEDERAL FALSE CLAIMS ACT** |
| FAMILY CONNECTIONS, INC.; TRENT RICE, AND | **AND IOWA FALSE CLAIMS ACT** |
| BRIAN FULLER, | **JURY TRIAL DEMANDED** |
| Defendants. | **FILED EX PARTE AND UNDER SEAL** |

PLAINTIFFS' COMPLAINT PURSUANT TO
31 U.S.C. §§ 3729-3732, FEDERAL FALSE CLAIMS ACT
AND IOWA CODE SECTION 685.1, IOWA FALSE CLAIMS ACT

The United States of America, and the State of Iowa, by and through *qui tam* Relator Nick Hill, brings this action under 31 U.S.C. sections 3729-3732 (the "False Claims Act") and Iowa Code section 685.1 *et seq.*, (the "Iowa False Claims Act"), to recover treble damages, penalties and other remedies established by these laws. Relator on behalf of the United States and Iowa, in support of this action would show the following:

1

## PARTIES

1. Relator Nick Hill is a citizen of the United States, and a resident of Elkhorn, Nebraska.

2. Defendant Family Connections, Inc., is an Iowa Corporation, with a principal place of business of 500 Willow Ave., Ste 305, Council Bluffs, Iowa.

3. Defendant Trent Rice is a citizen of the United States, and a resident of the State of Nebraska, currently residing at 12925 South 219th Street, Gretna, Nebraska, and at other relevant times residing at 20203 Crystal Avenue, Gretna, Nebraska.

4. Defendant Brian Fuller is a citizen of the United States, and a resident of the State of Nebraska, currently residing, and residing at relevant times at 16369 Mormon Street, Bennington, Nebraska.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in this Court pursuant to the False Claims Act, 31 U.S.C. section 3279 *et seq.*, pursuant to 31 U.S.C. sections 3730 and 3732. Relator's claims seek remedies on behalf of the United States for violations by Defendant of 31 U.S.C. section 3729 in the Southern District of Iowa.

6. The United States district courts "have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if an action arises from the same transaction or occurrence as an action brought under section 3730." 31 U.S.C. § 3932(b).

## FEDERAL FALSE CLAIMS ACT

7. This is an action to recover damages and civil penalties on behalf of the United States and Relator arising from the false statements and claims made by Defendants in violation of the Federal False Claims Act, 31 U.S.C. sections 3729-3732.

8. For conduct occurring on or after May 20, 2009, the False Claims Act provides that any person who:

   a. knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;

   b. knowingly makes, uses, or causes to be made or used, a false record or statement material to get a false or fraudulent claim paid;

   c. conspires to defraud the Government by committing a violation of the False Claims Act;

is liable to the Government for a civil penalty of not less than $5,500 and not more than $11,000 for each such claim, plus three times the amount of damages sustained by the Government because of the false or fraudulent claim.

9. The False Claims Act allows any persons having knowledge of a false or fraudulent claim against the Government to bring an action in Federal District Court for themselves and for the United States Government and to share in any recovery as authorized by 31 U.S.C. section 3730. Relator claims entitlement to a portion of any recovery obtained by the United States as *qui tam* Relator.

10. The False Claims Act, as amended, defines the term "claim" to mean "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property

that (1) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be drawn down or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee or other recipient for any portion of the money or property which is requested or demanded…" 31 U.S.C. § 3729(b)(2)(A) (2009).

11. There are no bars to recovery under 31 U.S.C. section 3730(e), and, or in the alternative, Relator is the original source as defined therein. Relator has direct and independent knowledge of the information on which the allegations are based. As required pursuant to 31 U.S.C. sections 3730(b) and (e), Relator has voluntarily provided information, oral and/or written, and have sent a disclosure statement of all material evidence, information and documents related to this Complaint, both before and after filing, to the Attorney General of the United States and the United States Attorney for the Southern District of Iowa.

12. Based on these provisions, Relator on behalf of the United States Government seek through this action to recover damages and civil penalties arising from the Defendants' submission of false claims for payment for services provided to citizens of Iowa, funded by the joint federal and state program, Medicaid.

13. Relator believes the United States has suffered significant damages as a result of the Defendants' false claims.

## IOWA FALSE CLAIMS ACT

14. This is also an action to recover damages and civil penalties on behalf of Iowa and Relator arising from the false statements and claims made by Defendants in violation of Iowa Code section 685.1 *et seq.*

15. For acts occurring on or after July 1, 2011, the Iowa False Claims Act in relevant part also creates liability for any person who:

   a. Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval.

   b. Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.

   c. Conspires to violate provisions of the Iowa False Claims Act.

Iowa Code § 685.2.

16. Anyone who violates the Iowa False Claims Act is liable to the Government in the exact same way as the federal False Claims Act, including a civil penalty of not less than $5,500 and not more than $11,000 for each such claim, plus three times the amount of damages sustained by the State of Iowa because of the false or fraudulent claim.

17. Like its federal counterpart, the Iowa False Claims Act allows any persons having knowledge of a false or fraudulent claim against the State to bring an action for themselves and for the State, and to share in any recovery as authorized by Iowa Code section 685.3. Relator claims entitlement to a portion of any recovery obtained by Iowa as *qui tam* Relator.

18.     Nearly mirroring the federal False Claims Act, the Iowa False Claims Act defines the term "claim" to mean "any request or demand, whether under a contract or otherwise, for money or property and whether the State has title to the money or property, which is presented to an officer, employee, agent or other representative of the state or to a contractor, grantee, or other person if the money or property is to be spent or used on the state's behalf or to advance a state program or interest, and if the state provides any portion of the money or property which is requested or demanded, or if the state will reimburse directly or indirectly such contractor, grantee or other person for any portion of the money or property which is requested or demanded…" Iowa Code § 685.1(1).

19.     There are no bars to recovery under the Iowa False Claims Act, or in the alternative, Relator is the original source as defined therein. Relator has direct and independent knowledge of the information on which the allegations are based. As required by the Iowa False Claims Act, Relator has voluntarily provided information, oral and/or written, and has sent a disclosure statement of all material evidence, information and documents related to this Complaint, both before and after filing, to the Attorney General of Iowa.

20.     Based on these provisions, Relator on behalf of the State of Iowa seeks through this action to recover damages and civil penalties arising from the Defendants' submission of false claims for payment for services provided to citizens of Iowa, funded by the joint federal and state program, Medicaid.

21.     Relator believes Iowa has suffered significant damages as a result of

the Defendants' false claims.

## OVERVIEW OF THE IOWA REMEDIAL SERVICES PROGRAM

22. Medicaid is a joint federal and state program that helps with medical costs for some people with limited income and resources.

23. Medicaid often offers services for individuals that are not otherwise covered by Medicare or any private insurance company.

24. Medicaid is jointly funded by the federal government and the states.

25. The federal government pays states for a certain percentage of Medicaid expenditures.

26. Each state has different rules for Medicaid eligibility and each state's Medicaid reimbursement process differs.

27. Medicaid waiver programs are funded by states with partial federal reimbursement.

28. The Social Security Act, section 1915, allows the states to use "waivers" to deliver and pay for healthcare services in the Medicaid and Children's Health Insurance Program.

29. Beginning in 2007, Iowa's Remedial Services Program began providing mental health services to persons with psychiatric diagnoses, funded through the Medicaid program.

30. Remedial services providers received a fee-for-service payment on a cost basis.

31. Costs of the remedial services providers had to submit their costs on a cost report to the Iowa Department of Health and Human Services ("IDHS") in order to be paid by Medicaid for the services provided.

32. Payment rates under the Remedial Services Program had a cap, including that rates could not exceed 110% of the statewide average cost.

33. By the service year 2012, Iowa had shifted away from the original cost-based structure of the Remedial Services Program.

## SPECIFIC AND DETAILED ALLEGATIONS

34. Relator is a licensed certified public accountant doing business in Elkhorn, Nebraska, who helped Family Connections, Inc. with various accounting and tax preparation services from at least 2005 until early 2012.

35. Defendants Trent Rice and Brian are the Executive Directors of Family Connections, Inc., and have previously filed documents with the Iowa Secretary of State indicating they are also constitute the Board of Directors, and the owners of Family Connections, Inc.

36. Family Connections, Inc., advertises itself as a "home and office based mental health agency." http://www.familyconnectionsiowa.com/.

37. Family Connections, Inc. operates in southern Iowa, providing services to qualified clients, paid for by IDHS through the Remedial Services program.

38. The Remedial Services program was funded by Iowa's Medicaid system.

39. Iowa's Medicaid system receives money from the federal government to assist it with its operation of Medicaid, regulated in part in Title 42, of the Code of Federal Regulations, chapter IV, Subchapter C.

40. Family Connections was assigned provider number 1010744 by IDHS for the purpose of obtaining these state and federal Medicaid funds.

41. For its services provided in 2009-2011, Family Connections submitted cost reports to IDHS for reimbursement by the Iowa Medicaid System under the cost-based reimbursement regulations.

42. Family Connections' operating expenses, including salaries for employees, were submitted on these cost reports to IDHS for reimbursement.

43. These forms included the "Financial and Statistical Report for Remedial Services" form, with Schedule A – Revenue Report, Schedule B – Staff Gross Salaries and Staff Numbers, Schedule C – Depreciation and Amortization Expense, and Schedule D – Expense Report.

44. On the final schedules submitted to IDHS, Trent Rice signed the certification page that stated "I have examined the accompanying schedules of revenues and expenses and the calculations of cost of service prepared for this agency and that to the best of my knowledge and belief they are true and correct. I also certify these schedules were prepared from the books and records of the facility in accordance with the instructions contained in this report, and allowable cost of care excludes expenses that were not necessary to provide this care."

45. Relator provided tax and some accounting advisory services for Family Connections in 2010 and 2011, as he had done in the past years. During that time, he provided services which included preparing tax returns and assisting in formatting cost reports for Family Connections, based on information provided by Trent Rice and Brian Fuller.

46. Included in that information provided to Relator were documents indicating salary payments had been made to Kim Rice (Trent Rice's wife) and Deb Fuller (Brian Fuller's wife). Both Kim Rice and Deb Fuller received annual salaries from Family Connections in 2010 and 2011 which were claimed on the cost reports submitted to IDHS as "Clerical" and "Quality Assurance" jobs at Family Connections.

47. In 2012, while reviewing documents provided by Trent Rice and Brian Fuller, Relator noticed that Family Connections was no longer paying a salary to either Kim Rice and Deb Fuller.

48. Relator inquired of Trent Rice and Brian Fuller about this change and was told that Family Connections no longer needed to claim income for their wives because they no longer needed to file a cost report. During this discussion, Hill was informed that neither wife had ever worked for Family Connections.

49. Trent Rice and Brian Fuller admitted that Family Connections had utilized payments to their wives in prior year so that their "salaries" could be falsely claimed on the cost reports and schedules submitted for reimbursement to IDHS.

50. Relator was told by Trent Rice and Brian Fuller that Family Connections no longer needed to claim payments to Kim Rice and Deb Fuller for 2012 because IDHS had changed their rules on cost reporting, and so the fraudulent payment scheme would no longer be needed to increase the claimed expenses of Family Connections.

51. Relator knew Kim Rice worked full-time for the Millard Public School system and Deb Fuller worked full-time in Nebraska, running her own business. Relator had been told by Trent Rice and Brian Fuller that their wives were working their full-time jobs in addition to the claimed part-time work for Family Connections.

52. Neither Kim Rice nor Deb Fuller actually worked for Family Connections.

53. Upon further inquiry and investigation, Relator determined that Family Connections was also falsely claiming more expenses for their Iowa operations on their cost reports than were actually attributable to Family Connection's work in Iowa.

54. Trent Rice and Brian Fuller had opened a second company in Nebraska in 2010 where Trent Rice worked most of the time, but he paid himself full wages out of Family Connections in 2010 and 2011 so that his wages would be reimbursed in full by IDHS.

55. Trent Rice worked a split amount of time in 2010 in Iowa at Family Connections and in Nebraska at the Nebraska Company, and by 2011, Trent Rice worked full time in Nebraska.

56. Family Connections still claimed Trent Rice's full salary on the cost reports for Family Connections as if he worked full time in Iowa during both 2010 and 2011, even though he did not.

## CAUSES OF ACTION

### Count I: Federal False Claims (31 U.S.C. § 3729(a)(1)(A)).

57. Relator realleges and hereby incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

58. The following claims made were false claims which fall into the purview of the Federal False Claims Act:

  (a) Claims made on cost reports and associated schedules for Kim Rice's salary.

  (b) Claims made on cost reports and associated schedules for Deb Fuller's salary.

  (c) Claims made on cost reports and associated schedules for Trent Rice's full salary.

59. Accordingly, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1).

60. IDHS paid the false and/or fraudulent claims, utilizing, in part, federal

Medicaid funds.

61. By virtue of the false or fraudulent claims Defendants presented or caused to be presented, the United States Government has suffered substantial monetary damages.

62. Defendants Trent Rice and Brian Fuller also conspired with each other to commit this violation of the Federal False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

## Count II: Federal False Claims Act False Records or Statements (31 U.S.C. § 3729(a)(1)(B)).

63. Relator realleges and hereby incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

64. Defendants knowingly made or used false records or statements (a) to get false or fraudulent claims paid or approved by the IDHS utilizing federal Medicaid funds, or (b) material to false or fraudulent claims, in violation of 31 U.S.C. § 3729(a). The false records or statements include:

(a) Schedules, accounting records, and other documents indicating that Kim Rice was employed by Defendant Family Connections, Inc., when she was not so employed.

(b) Schedules, accounting records, and other documents indicating that Deb Fuller was employed by Defendant Family Connections, Inc., when she was not so employed.

(c) Schedules, accounting records, and other documents indicating that

Trent Rice was fully employed by Defendant Family Connections, Inc., when he was not so fully employed.

65. By virtue of the false records or statements Defendant made or used, the United States Government has suffered substantial monetary damages.

66. Defendants Trent Rice and Brian Fuller also conspired with each other to commit this violation of the Federal False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

### Count III: Iowa False Claims (Iowa Code § 685.2(1)(a)).

67. Relator realleges and hereby incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

68. Defendants' actions as described above also violated the Iowa False Claims Act, Iowa Code section 685.2(1)(a), specifically including:

   (a) Claims made on cost reports and associated schedules for Kim Rice's salary.

   (b) Claims made on cost reports and associated schedules for Deb Fuller's salary.

   (c) Claims made on cost reports and associated schedules for Trent Rice's full salary.

69. Accordingly, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of Iowa Code § 685.2(1)(a).

70. IDHS paid the false and/or fraudulent claims, utilizing, in part, state

funds.

71. By virtue of Defendants' actions, the State of Iowa has suffered substantial monetary damages.

72. Defendants Trent Rice and Brian Fuller also conspired together to commit this violation of the Iowa False Claims Act, in violation of Iowa Code §685.2(c).

**COUNT IV: Iowa False Claims Act False Records or Statements (Iowa Code § 685.2(1)(b)).**

73. Relator realleges and hereby incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

74. Defendants' actions as described above also violated the Iowa False Claims Act, Iowa Code section 685.2(1)(b), specifically including:

    (a) Schedules, accounting records, and other documents indicating that Kim Rice was employed by Defendant Family Connections, Inc., when she was not so employed.

    (b) Schedules, accounting records, and other documents indicating that Deb Fuller was employed by Defendant Family Connections, Inc., when she was not so employed.

    (c) Schedules, accounting records, and other documents indicating that Trent Rice was fully employed by Defendant Family Connections, Inc., when he was not so fully employed.

75. By virtue of the false records or statements Defendants made or used,

the State of Iowa has suffered substantial monetary damages.

76. Defendants Trent Rice and Brian Fuller also conspired together to commit this violation of the Iowa False Claims Act, in violation of Iowa Code §685.2(c).

## RELIEF

77. On behalf of the United States Government, the Relator seeks to receive monetary damages equal to three times that suffered by the United States Government. In addition, Relator seeks to receive all civil penalties on behalf of the United States Government in accordance with the False Claims Act.

78. Relator seek to be awarded the maximum amount allowed pursuant to 31 U.S.C. section 3730(d) of the False Claims Act.

79. On behalf of the State of Iowa, Relator seeks to receive monetary damages as allowable by Iowa Code §685.3(4)(a) and (b), including all penalties, costs, expenses, and any other allowable damages.

80. Relator seeks to be awarded all costs and expenses for this action, including attorney's fees and court costs.

81. Relator seeks all other indirect and allowable damages.

## JURY DEMAND

82. Relator, on behalf of himself, the United States Government, and the State of Iowa, and requests a trial by jury of all issues herein.

## PRAYER

WHEREFORE, Plaintiffs pray that this Court enter judgment on behalf of the Relator, the United States and the State of Iowa, and against the Defendants for the following:

a. Damages in the amount of three (3) times the actual damages suffered by the United States Government as a result of the Defendants' conduct;

b. Civil penalties against the Defendants equal to $11,000 for each violation of 31 U.S.C. section 3729;

c. Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. section 3730(d);

d. Damages in the amount of three (3) times the actual damages suffered by the State of Iowa as a result of the Defendants' conduct;

e. Civil penalties against the Defendants as allowed by the Iowa False Claims Act.

f. The Relator's share of each award made the State of Iowa, as allowable by the Iowa False Claims Act.

g. Relator be awarded all costs and expenses of this litigation, including attorney's fees and costs of court;

h. Relator be awarded all other allowable damages;

i. All other relief on behalf of the Relator, the United States Government, or the State of Iowa to which they may be entitled and that the Court deems just and proper.

Dated: March 7, 2018

                                **THE UNITED STATES OF AMERICA AND THE STATE OF IOWA,**

                                    **Ex rel.
Nick Hill**

Respectfully submitted by,

        /s/ Angela L. Campbell  
Angela Campbell, AT0009086  
Dickey and Campbell Law Firm, PLC  
301 E. Walnut, Ste 1  
Des Moines, Iowa 50309  
Telephone: (515) 288-5008  
Fax: (515) 288-5010  
E-mail: angela@dickeycampbell.com  
ATTORNEY FOR RELATOR